1

2

3                     UNITED STATES DISTRICT COURT

4                          DISTRICT OF NEVADA

5   REGGIO ANTONIO PRATT,                    Case No. 2:24-cv-00374-ART-BNW

6                              Plaintiff,              ORDER

7       v.                                          (ECF No. 18)

8   UNITED STATES OF AMERICA; KEVIN
    ALEXANDER HERNANDEZ ARENAS;
    RAUL FERNANDEZ-GARCIA.,

9                              Defendants.

10

11        This case concerns a car accident allegedly caused by an FBI agent. Plaintiff

12   Reggio Antonio Pratt sued FBI Special Agent Michael Palmer, Kevin Alexander

13   Hernandez Arenas, and Raul Fernandez-Garcia under Nevada law and the

14   Federal Tort Claims Act after Palmer allegedly crashed into Pratt's car.

15   **I.      BACKGROUND**

16        Plaintiff Pratt alleges that in June 2023, FBI Special Agent Michael Palmer

17   rear-ended the car driven by Defendant Arenas, which then rear-ended Plaintiff,

18   who was stopped at the intersection. (ECF No. 1.) The car driven by Defendant

19   Arenas was owned by Defendant Fernandez-Garcia.

20        Plaintiff sued all Defendants in this Court under negligence and Federal

21   Tort Claims Act theories. (ECF No. 1.) Defendants Arenas and Fernandez-Garcia

22   filed an answer (ECF No. 13), and the government filed a motion to dismiss in

23   part (ECF No. 18).

24   **II.     Stipulation Between Plaintiff and Government**

25        Plaintiff and the government reached a stipulation after the government

26   filed its motion to dismiss. (*See* ECF No. 20.) The government had moved to

27   dismiss improperly named federal defendants like the United States Department

28

1

of Justice, as well as to strike Plaintiff's demand for attorney's fees and co-Defendants' demand for a jury trial. (ECF No. 18.) Plaintiff stipulated to the dismissal of improperly named defendants, dismissal of the second cause of action, dismissal to the third cause of action against improperly named defendants, and dismissal of his jury trial and attorney's fees demands. (ECF No. 20.) Accordingly, the Court finds the motion to dismiss Plaintiff's claims moot.

### III.    Request to Strike Co-Defendant's Answers

The only argument in the motion to dismiss not mooted by the stipulation is the government's request to strike co-Defendants' demand for a jury trial from their answer. (ECF No. 18.) Local Rule 2-2 requires parties to file separate documents for each type of relief requested. *See Suprock v. Quantum Energy, Inc.*, 676 F. Supp. 3d 891, 896 n.34 (D. Nev. 2023). Co-Defendants Arenas and Fernandez-Garcia never responded to the government's motion to dismiss, possibly because it was not styled as a motion to strike a co-defendant's answer.

Accordingly, the Court dismisses the motion to dismiss without prejudice, allowing the government to refile their request to strike in part co-Defendants' answer, and allowing co-Defendants notice and time to file a response.

### IV.    CONCLUSION

The Court finds the motion to dismiss (ECF No. 18) moot as to Plaintiff's claims because of the stipulation between Plaintiff and government (ECF No. 20).

The Court dismisses the government's motion to dismiss without prejudice in all other respects.

DATED THIS 31st day of January, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE