LEILA L. HALE, ESQ.
Nevada Bar No. 7368
BRANDON C. VERDE, ESQ.
Nevada Bar No. 14638
**HALE INJURY LAW**
1661 W. Horizon Ridge Parkway, Suite 200
Henderson, Nevada 89012
Phone: (702) 736-5800
Fax: (702) 534-4655
bverde@haleinjurylaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| REGGIE ANTONIO PRATT, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>MICHAEL PALMER, individually and in his official capacity; THE UNITED STATES OF AMERICA, a sovereign governmental entity; UNITED STATES DEPARTMENT OF JUSTICE, a governmental agency under the United States; FEDERAL BUREAU OF INVESTIGATION, a governmental agency under the United States; KEVIN ALEXANDER HERNANDEZ ARENAS, individually; RAUL FERNANDEZ-GARCIA, individually; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | CASE NO: 2:24-cv-00374<br><br>**STIPULATION AND (PROPOSED) ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**[FIRST REQUEST]** |

The undersigned, on behalf of Plaintiff, REGGIE ANTONIO PRATT, and Defendants, KEVIN ALEXANDER HERNANDEZ ARENAS and RAUL FERNANDEZ-GARCIA, hereby stipulate to extend the remaining deadlines in the scheduling order and discovery plan for one hundred and twenty (120) days for the reasons explained herein, and under Local Rule 6-1(b).

**I.**

**DISCOVERY COMPLETED TO DATE**

1. The parties have conducted an FRCP 26(f) conference and have served their respective FRCP 26(a) disclosures;

2. Defendants Kevin Alexander Hernandez Arenas and Raul Fernandez-Garcia have propounded Interrogatories and Requests for Production of Documents on Plaintiff;

3. Plaintiff has responded to Defendants Kevin Alexander Hernandez Arenas and Raul Fernandez-Garcia's propounded Interrogatories and Requests for Production of Documents;

4. Defendants Kevin Alexander Hernandez Arenas and Raul Fernandez-Garcia have propounded Interrogatories and Requests for Production of Documents on Plaintiff;

5. Plaintiff has responded to Defendants Kevin Alexander Hernandez Arenas and Raul Fernandez-Garcia's propounded Interrogatories and Requests for Production of Documents;

6. Plaintiff provided executed medical authorization to Defendants;

7. Defendants requested, and obtained, Plaintiff's medical treatment records;

8. Deposition of Plaintiff was taken; and

**II.**

**DISCOVERY TO BE COMPLETED**

A. Deposition of the Defendant United States of America person most knowledgeable;

B. Deposition of Defendants Kevin Alexander Hernandez Arenas and Raul Fernandez-Garcia;

C. Plaintiff's written discovery requests and responses;

D. Defendant United States of America's written discovery requests and responses;

E. Initial and Rebuttal expert disclosures by all parties;

F. Depositions of expert witnesses;

G. Depositions of Plaintiff's treating physicians; and

H. Any other discovery the parties may deem necessary.

## III.

## REASON THAT DISCOVERY HAS NOT BEEN COMPLETED

This is the first stipulation for extension of time. The enlargement of time periods, including discovery deadlines, is governed by F.R.C.P. 6(b), which states as follows:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), 60(b), and 74(a), except to the extent and under the conditions stated in them.

The Local Rules of the United States District Court for the District of Nevada include additional provisions relating to the extension or reopening of discovery. Specifically, Local Rule 6-1 governs requests for continuances and extensions in general, stating as follows:

> (a) Every motion requesting a continuance, extension of time, or order shortening time shall be Filed by the clerk and processed as an expedited matter. Ex parte motions and stipulations shall be governed by LR 6-2.
>
> (b) Every motion or stipulation to extend time shall inform the court of any previous extensions granted and state the reasons for the extension requested A request made after the expiration of the specified period shall not be granted unless the moving party, attorney, or other person demonstrates that the failure to act was the result of excusable neglect. Immediately below the title of such motion or stipulation there shall also be included a statement indicating whether it is the first, second, third, etc., requested extension, i.e.:
>
> STIPULATION FOR EXTENSION OF TIME TO FILE MOTIONS (First Request)
>
> (c) The court may set aside any extension obtained in contravention of this rule.
> (d) A stipulation or motion seeking to extend the time to file an opposition or final reply to a motion, or to extend the time fixed for hearing a motion, must state in its opening paragraph the filing date of the motion.

Local Rule 26-4 specifically refers to the extension of scheduled deadlines, stating:

> Applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend discovery shall be received by the court within twenty (20) days before the discovery cut-off date or any extension thereof.
> Any motion or stipulation to extend or to reopen discovery shall include:
> (a) A statement specifying the discovery completed;
> (b) A specific description of the discovery that remains to be completed;
> (c) The reasons why discovery remaining was not completed within the time limits set by the discovery plan; and
> (d) A proposed schedule for completing all remaining discovery.

The parties' failure to timely request an extension of the discovery deadline under Local Rule 26-4 results from excusable neglect. Before 1993, a conflict existed between the Courts of Appeals as to the meaning of excusable neglect. In 1993, however, the United States Supreme Court resolved this conflict with its decision in *Pioneer Investment Services v. Brunswick Associates, Ltd.,* 507 U.S 380 (1993). By empowering the courts to accept late filings where failing to act resulted from excusable neglect, Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, and by intervening circumstances beyond the party's control. *Id.* at 388. The parties' failure to request an extension of discovery twenty (20) days before the discovery deadline under LR 26-4 constitutes excusable neglect. The discovery deadline should be extended.

*Pioneer's* liberal definition of excusable neglect is applicable beyond the bankruptcy context where it arose. *Weinstock v. Cleary, Gottlieb, Steen & Hamilton,* 16 F.3d 501, 503 (2d Cir. 1994). Although the decision in *Pioneer* arose out of the context of a Bankruptcy Rule 9006 in a bankruptcy proceeding, the term excusable neglect is used throughout the Federal Rules of Civil Procedure in several places. For example, under Rule 6(b), where the specified period for performing an act has elapsed, a district court may enlarge the period and permit the tardy act

where the omission results from excusable neglect. *Pioneer.* 507 U.S. at 391. There is no indication that anything other than the commonly accepted meaning of the phrase was intended by its drafters. *Id.* Not surprisingly, in applying Rule 6(b), the Courts of Appeals have recognized that excusable neglect may extend to inadvertent delays. *Id.* at 391-392.

Determining whether a party's neglect of a deadline is excusable requires the review of several factors. Because Congress has provided no other guideposts for determining what sorts of neglect will be excusable, the determination is equitable, taking account of all relevant circumstances surrounding the party's omission. *Id.* at 395. The factors include: (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Id.* In *Committee for Idaho's High Desert, Inc. v. Yost,* 92 F.3d 814 (9th Cir. 1996), the Ninth Circuit held that the Supreme Court's analysis of excusable neglect in *Pioneer* applies to Rule 6(b). Similarly, the Ninth Circuit adopted the *Pioneer* test for Rule 60(b)(1) cases in *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir. 1997).

In *Briones,* 116 F.3d at 381, the Ninth Circuit noted that *Pioneer* changed its law on excusable neglect. *Bateman v. U.S. Postal Service,* 231 F.3d 1220 (9th Cir. 2000). Before *Pioneer,* the Ninth Circuit had held that ignorance of court rules did not constitute excusable neglect and had applied a per se rule against the granting of relief when a party failed to comply with a deadline. *Id. (citing Briones.)* After Pioneer, however, the Ninth Circuit recognized that the term excusable neglect covers cases of negligence, carelessness, and inadvertent mistake. *Id.*

The parties have been diligent in moving the case forward and have participated in discovery. Additional time is needed to propound written discovery requests, and for the depositions of Defendants prior to the April 4, 2024 initial expert disclosure deadline. Plaintiff's counsel has been engaging with settlement discussions with Defense counsel for the United States of America, which there are additional layers to get the appropriate authority to resolve which can take several months. The parties are convinced this case can be resolved prior to retaining experts.

The parties have stipulated to extend discovery within 20 days of the initial expert disclosure date of April 4, 2024. However, all other deadlines are further than 20 days away. The filing admittedly did not occur twenty (20) days before the deadline as required by LR 26-4. This case is relatively young. Plaintiff filed her complaint in Nevada State Court on February 23, 2024, and removal to Federal District Court occurred on August 12, 2024. Under these circumstances, an extension of time in which to complete discovery will not unduly delay these proceedings.

The Cause of the Delay Was Reasonable and the Movant Acted in Good Faith at All Times.

Here, both parties are agreeable to the extension and have acted in good faith to request the same. The parties have no intent, nor reason, to delay the resolution. Both parties eagerly looked forward to attempting to resolve this matter.

So, a review of the foregoing factors reveals that—although the parties' failure to request an extension within 120 days of the initial expert disclosure deadline may constitute neglect—it is excusable.

IV.

PROPOSED NEW DISCOVERY DEADLINES

| | |
|---|---|
| **Amend Pleadings** | **August 2, 2025** |
| **Interim Status Report** | **August 2, 2025** |
| **Discovery Cut-off** | **October 31, 2025** |
| **Expert Disclosures** | **August 2, 2025** |
| **Rebuttal Expert Disclosures** | **September 1, 2025** |
| **Dispositive Motions** | **November 29, 2025** |
| **Joint Pretrial Order** | **December 29, 2025** |

DATED this 12th day of February 2025.   DATED this 12th day of February 2025.

**HALE INJURY LAW**   **ANDERTON & ASSOCIATES**

*/s/ Brandon C. Verde*   */s/ Latisha O'Neal*

LEILA L. HALE, ESQ.   LATISHA O'NEAL
Nevada Bar No. 7368   Nevada Bar No. 15314
BRANDON C. VERDE, ESQ., LL.M.   ANDERTON & ASSOCIATES
Nevada Bar No.: 14638   7350 N. Dobson Rd., Suite 103
1661 West Horizon Ridge Parkway, Suite 200   Scottsdale, AZ 85256
Henderson, Nevada 89012   *Attorneys For Defendants,*
*Attorneys for Plaintiff,*   KEVIN ALEXANDER HERNANDEZ
REGGIE ANTONIO PRATT   ARENAS *And* RAUL FERNANDEZ-GARCIA

DATED this 12th day of February 2025.

**UNITED STATES ATTORNEY**
**DISTRICT OF NEVADA**

*/s/ Virginia T. Tomova*

JASON M. FRIERSON
Nevada Bar No. 7709
United States Attorney District of Nevada
VIRGINIA T. TOMOVA
Nevada Bar Number 12504
Assistant United States Attorney Nevada
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
*Attorneys for the United States of America*

7

**ORDER**

This Court granted the parties' discovery plan and scheduling order, in which the parties agreed to an extended discovery period of 270 days. ECF No. 23. This Court also granted the parties' stipulation to extend the discovery deadlines by 120 days. ECF No. 27. The parties now request an additional 120 days. Because this Court has already given the parties over a year to conduct discovery, it will GRANT in part and DENY in part [29] Stipulation for Extension of Time. The Court grants the parties a 60-day extension as follows:

| | |
|---|---|
| Amend Pleadings: | May 5, 2025 |
| Discovery Cut-off: | August 3, 2025 |
| Expert Disclosures: | June 3, 2025 |
| Rebuttal Disclosures: | July 7, 2025 |
| Dispositive Motions: | September 1, 2025 |
| Joint Pre-trial Order: | October 1, 2025 or 30 days after a decision on the dispositive motion(s) is entered, whichever is later. |

IT IS SO ORDERED

DATED: 9:31 am, February 13, 2025

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**